In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11486

_____

In re: DWIGHT D. YORK, a.k.a. Malachi Z. York,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before JORDAN, GRANT, and BRASHER, Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Dwight York has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such

2                           Order of the Court                    25-11486

authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357–58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

York is a federal prisoner serving a 1,620-month total imprisonment sentence for his involvement in a Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy, wherein he transported minors with the intent to engage in unlawful sexual activity, traveled interstate for the purpose of engaging in unlawful sexual activity with minors, and unlawfully structured cash transactions to avoid federal reporting requirements.

25-11486                Order of the Court                3

As a brief factual background, York was the leader of the United Nation of Nuwaubian Moors, a religious ministry and Native American tribe that was founded in New York but moved to a plot of land in Georgia in 1993. At his trial, the evidence demonstrated that under York's leadership, the Nuwaubians lived highly restricted lives, were separated by gender, and risked punishment or expulsion for failing to abide by York's rules. Additionally, 15 witnesses testified that York had regular sexual contact with underage children within the organization, some of whom were recruited by York's older sexual partners. Furthermore, there was substantial evidence that York operated various stores that sold Nuwaubian items and instructed the employees not to deposit more than a certain amount of cash at a time to avoid triggering federal reporting requirements. After a 14-day trial, the jury convicted York on 11 of the 13 charged counts.

In 2007, York filed his original § 2255 motion, which he subsequently amended. The district court denied his motion with prejudice.

In his instant application, York seeks to raise one claim in a second or successive § 2255 motion. He asserts that he is being unlawfully detained because newly discovered evidence demonstrates that his conviction and sentence were based on a fundamentally unfair trial. York explains that Isaam Williams, an individual who had knowledge of York's innocence, was intimidated into silence by Tracy Bowen, a detective for the Putnam County Sheriff's Office. He states that when Williams was 15 years old, he was

involved in a sexual relationship with 25-year-old Nicole Lopez, who later testified as an immunized witness for the government in York's case.

York further describes that, when Williams reported Lopez's conduct to Bowen, Bowen threatened Williams by indicating that he could be charged with statutory rape. He asserts that the government proffered Lopez's testimony to "manufacture a pattern of abuse," but that the jury never had the opportunity to hear Williams's "depiction of [Lopez] as a sexual predator" who supplied Williams with alcohol before raping him. Furthermore, he contends that Bowen's threats prevented Williams from testifying about the false accusations made against York. He also notes that Williams's former girlfriend falsely accused York of child molestation "to have him arrested and shut the land down."

Finally, he maintains that this information, which is reflected in the Putnam County Sheriff's Office's response to a Freedom of Information Act ("FOIA") request and an affidavit prepared by Williams, was not available at the time of the trial or when he filed his initial § 2255 motion, but it could have led to a different outcome if it had been presented to the jury.

York attached an affidavit Williams executed on April 26, 2025, as an exhibit to his application. In the affidavit, Williams described the following. When he attempted to report Lopez's conduct to Bowen in August 2002, Bowen threatened him with jail time to prevent him from speaking out about the conspiracy and the "lies being told" about York. Williams witnessed the

conspiracy to "take down" York, which began when Williams's former girlfriend wrote a letter to authorities falsely accusing York of child molestation to have him arrested. Additionally, Lopez provided false testimony during York's trial and did not reveal that she stole York's alcohol and used it to get Williams and others drunk to take advantage of them sexually. Moreover, Lopez and her sister tried to recruit Williams to join them in making false claims against York. Bowen's threats prevented Williams from revealing this information earlier. In 2023, Williams obtained the report of his interview with Bowen, which confirmed that he had been threatened.

York also attached the report of Williams's interview with Bowen as an exhibit to his application, which reflected the following. Bowen interviewed Williams in August 2002, and he told her that he spent a significant amount of time at the land maintained by the Nuwaubian nation. Williams stated that he had seen Lopez around the land and was attracted to her. Williams explained that he and Lopez gradually began talking to one another and developed a friendship, which progressed into a sexual relationship. He noted that their relationship ended when Lopez left the land and stated that he did not feel "forced by [Lopez] to participate in [the] acts." Bowen explained that Lopez's actions could still be viewed as statutory rape, even though there was no force involved. When Williams asked whether his name would be published if Lopez was charged, Bowen informed him that it would be provided to the attorneys. Bowen noted that Williams and his mother were

uncomfortable when she told them that Williams's name could be released.  Bowen asked Williams "what he wanted to see done in [the] case," and Williams stated that he did not want anyone to go to jail.  Bowen explained that Williams could be charged as well, as that was "commonly done" in cases of statutory rape.

Where a movant seeks leave to challenge a conviction based on newly discovered evidence, the application must be denied if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *In re Boshears*, 110 F.3d 1538, 1541 (11th Cir. 1997) (quotation marks omitted) (addressing an application filed by a state prisoner under 28 U.S.C. § 2244(b)(2)).  Evidence is not "newly discovered" when it was available to an applicant when he litigated his initial habeas filing. *Id.* at 1543.

Here, York's proposed claim does not satisfy the statutory criteria set forth in § 2255(h).  First, the information set forth in Williams's affidavit does not undermine the jury's determination that York was guilty of the crimes he was convicted of beyond a reasonable doubt. *In re Boshears*, 110 F.3d at 1541.  At trial, the government presented 15 witnesses who testified that York engaged in sexual activity with minors, and there was substantial evidence that he structured financial transactions to avoid triggering federal reporting requirements.  The information Williams provided in his affidavit regarding Lopez's character and the false accusations made against York, which York asserts Williams would have testified to at his trial if Williams had not been threatened into silence,

is not "sufficient to establish by clear and convincing evidence that no reasonable factfinder" would have found York guilty of the crimes he was convicted of in light of this evidence. 28 U.S.C. § 2255(h)(1).

Similarly, the 2002 report of Bowen's interview with Williams does not reflect that Bowen threatened Williams to prevent him from testifying to any false accusations made by other witnesses or contain other information that would undermine the jury's determination that York was guilty. Therefore, because the report does not "establish by clear and convincing evidence that no reasonable factfinder" would have found York guilty of the crimes he was convicted of, it does not satisfy the statutory criteria for a claim based on newly discovered evidence. 28 U.S.C. § 2255(h)(1).

Accordingly, because York has failed to make a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby DENIED.