UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

In re:
Malachi Z. York,
Misnomer Dwight D. York
Applicant

Cause No. 25-11486H

PETITION FOR PANEL REHEARING

TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS:

Comes now the applicant, Malachi Z. York, Misnomer Dwight D. York, through counsel, and under F.R.A.P. 40, files this Petition for Panel Rehearing, and shows the following:

I. GROUNDS FOR RECONSIDERATION

The Court denied the Applicant's Emergency Motion for Order Authorizing the District Court to Consider a Successive Motion Under 28 U.S.C. §2255 Based on Newly Discovered Evidence of Factual Innocence on May 19, 2025.

The Court prematurely addressed the merits of the new evidence before determining whether it met the threshold showing required for successive petitions. This approach contradicts *in re Bolin*, 811 F.3d 403 (11th Cir. 2016).

Fraud upon the court became effective and legally valid when some FBI agents and local law enforcement officers were involved in this case. They were accused of threats and coercion made to witnesses from both sides. They aim to suppress,

manipulate testimony, and hinder the witnesses from coming forward, and corrupt the judicial process by preventing the court from receiving truthful evidence. The overall effect of these threats and coercions was to impede the court's ability to reach a just decision by using distorted testimony. Isaam Williams' affidavit demonstrates that his implied threat was not an isolated incident, but part of a pattern of threats and coercion made by those sworn to uphold the law.

## II. FACTUAL ERRORS AND OMISSIONS

The Court's opinion omits Isaam Williams' conspiracy evidence of far reaching effect. It reaches immunized witness, Nicole Lopez, and her key factual testimony of the alleged Racketeer Influenced and Corrupt Organization ("RICO") conspiracy wherein Dr. York purportedly transported minors with the intent to engage in unlawful sexual activity, traveled interstate for the purpose of engaging in unlawful sexual activity with minors, and unlawfully structured cash transactions to avoid federal reporting requirements. Lopez and members of her family were at the 2001 South Beach, Florida, meeting where the conspirators met to formulate their plan. Besides Lopez, those in attendance included her mother, Barbara Noel; her brother, David "Tariq" Noel; her sister, Amala "Amanda" Noel; her boyfriend, Jacob York; and Habiyba Washington, who recanted and then retracted her trial testimony, among other conspirators.

2

Nicole Lopez was central to the government's theory of the case. The prosecution used Nicole Lopez to:

• Establish a pattern of abuse,

• Corroborate other accusers' stories,

• Provide key timeline testimony,

• Bolster their RICO conspiracy theory (a central federal charge),

• Tie Dr. York to trafficking and group-wide activity, not just individual abuse.

• Take her out, and the structure collapses. A reasonable jury could no longer connect unrelated allegations into a single "pattern" without her.

### III. CONSTITUTIONAL VIOLATIONS

When the defense was not provided with evidence of Putnam County Sheriff Department Detective Tracy Bowen's threats to Isaam Williams, the prosecution's conduct violates *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *Giglio v. United States,* 8212 29, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) and constitutes concealed exculpatory evidence and a violation of due process.

It is noteworthy that several witnesses in this case have recanted their trial testimony. Many have cited law enforcement threats and coercions. Here, the applicant has presented clear and convincing evidence of law enforcement threats and

3

coercion of a minor and his mother. The Court finds it acceptable to parse out the danger and allow, encourage, and green light future law enforcement threats, coercion, and denial of due process.

## VI. COURT FAILED TO ADDRESS CRITICAL NEW EVIDENCE OF A BROADER CONSPIRACY

Isaam Williams' conspiracy evidence includes testimony identifying at least six other government witnesses, in addition to Lopez, who attended a party on the land called Tama-Re at 404 Shady Dale Rd., Eatonton, Georgia, 31024, where the conspiracy was discussed before the May 2001 Florida trip.

Eight of the fifteen witnesses who testified for the government recanted their testimony and admitted to lying on the stand, one in front of a grand jury. These nine witnesses lied under oath in the court due to threats, by officials, to frame and imprison an innocent man.

This evidence constitutes creditworthy new evidence of a broader conspiracy, and government misconduct. The Eleventh Circuit has held that such evidence must be reviewed under the actual innocence gateway and Brady/Giglio due process standards. The Court's failure to consider this aspect of the application renders its decision incomplete and constitutionally deficient.

Denying the application would be a miscarriage of justice. This Court must act

to prevent an unjust conviction from being insulated by procedural default. The Applicant's claims meet the standard of "clear and convincing evidence that, but for constitutional error, no reasonable juror would have found the applicant guilty." 28 U.S.C. § 2255(h)(1)

Allowing this conviction to stand despite clear indications of fraud upon the court, perjury, prosecutorial misconduct, and constitutional violations would be anathema to the principles of justice that undergird the American legal system. The Applicant respectfully requests that this Court grant rehearing, vacate its previous order, and authorize the filing of a successive § 2255 motion so that this newly discovered, material evidence may be appropriately reviewed and adjudicated.

This is the 2nd day of June, 2025.

Respectfully submitted,

MALACHI Z. YORK,
MISNOMER DWIGHT D. YORK

By:

s/ Imhotep Alkebu-lan
Imhotep Alkebu-lan GA Bar #602826

P.O. 54863
Atlanta, GA 30308
404-855-4646 Telephone
404-254-0701 dependable
ialkebulan@aol.com

ATTORNEY FOR APPLICANT

5

<u>Certificate of Service</u>

This is to certify that on the below date a true and correct copy of the foregoing was

mailed first class, postage prepaid, to the office of the following individual(s):

> Richard Moultrie
> AUSA
> P.O. Box 1702
> Macon, GA 31202

This is the 2nd day of June 2025.

s/ Imhotep Alkebu-lan
Imhotep Alkebu-lan

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

I certify that the following individuals may have an interest in the outcome of this case. I make these representations in order that the members of this Court may evaluate possible disqualifications or recusal.

| | |
|---|---|
| District Judge: | Honorable Judge C. Ashley Royal |
| Applicant | Malachi Z. York, Misnomer Dwight D. York |
| Attorney for Defendant | Imhotep Alkebu-lan |
| | Adrian L. Patrick |
| | Benjamin Davis |
| | Edward Garland |
| | Frank A. Rubino |
| | Gregory L. Lattimer |
| | Harry Jean Charles |
| | Jonathan Marks |
| | Leroy R. Johnson |
| | Manubir S. Arora |
| | Malik Shabazz |
| | Victoria E. Broussard |

United States Attorney for
The Middle District of Georgia

Assistant U.S. Attorney for
The Middle District of Georgia

C. Shanelle Booker

Richard Moultrie S.

Stephanie Thacker

Verda M. Colvin

Kevin D. Abernethy

Lindsay Bozicevich Feinberg

Todd P. Swanson

Dean Soble Daskal

This the 2nd day of June 2025.

s/ Imhotep Alkebu-lan
Imhotep Alkebu-lan

## CERTIFICATE OF COMPLIANCE

Under the Federal Rules of Appellate Procedure 32(g)(1), this is to certify that the foregoing Petition for Panel Rehearing complies with the font and point selections approved by the 11th Cir. R. 40. The foregoing was prepared on a computer using Times New Roman font (14-point) and has fewer than 3900 words and fewer than 15 pages.

This the 2nd day of June 2025.

Respectfully submitted,

MALACHI Z. YORK,
MISNOMER   DWIGHT   D.   YORK

By:

s/ Imhotep Alkebu-lan
Imhotep Alkebu-lan GB#602826

P.O. Box 54863
Atlanta, Georgia 30308
404-855-4646 Telephone
404-254-0701 Telecopier
ialkebulan@aol.com

ATTORNEY FOR APPLICANT

9